UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KERRY L. MORGAN,

        Plaintiff,

v.

                                  Civil No. 05-73373

                                  HON. GERALD E. ROSEN
UNITED STATES DEPARTMENT OF        MAG. JUDGE VIRGINIA M. MORGAN
JUSTICE, BUREAU OF ALCOHOL,
TOBACCO, FIREARMS AND
EXPLOSIVES,

        Defendant.

_____/

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

      Defendant United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and

Explosives, by and through its undersigned attorneys, moves this Court for summary judgment

pursuant to Rule 56 of the Federal Rules of Civil Procedure.  The grounds for this motion are set

forth more fully in the attached supporting brief.  Concurrent in this motion was sought but not

obtained.

                                 Respectfully submitted,

                                 STEPHEN J. MURPHY
                               UNITED STATES ATTORNEY

                               s/Derri T. Thomas
                               Assistant U.S. Attorney
                               211 West Fort Street, Suite 2001
                               Detroit, MI 48226
                               (313) 226-9153
                               derri.thomas@usdoj.gov
Dated:  May 8, 2006                     P53439

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KERRY L. MORGAN,

        Plaintiff,

                                    Civil No. 05-73373

v.

                                    HON. GERALD E. ROSEN
UNITED STATES DEPARTMENT OF      MAJ. JUDGE VIRGINIA M. MORGAN
JUSTICE, BUREAU OF ALCOHOL,
TOBACCO, FIREARMS AND
EXPLOSIVES,

        Defendant.

_____/

**BRIEF IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

**ISSUE PRESENTED**

WHETHER DEFENDANT IS ENTITLED TO SUMMARY
JUDGMENT BECAUSE DENIAL OF PLAINTIFF'S
APPLICATION FOR RENEWAL OF HIS FEDERAL FIREARMS
LICENSE FOR LACK OF COMPLIANCE WITH LOCAL ZONING
WAS AUTHORIZED AS A MATTER OF LAW.

**CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

**Cases**

*Albery v. Reddig*, 718 F.2d 245 (7th Cir. 1983)

*Amelkin v. McClure,* 330 F.3d 822 (6th Cir. 2003)

*Barden Detroit Casino, LLC v. City of Detroit,* 59 F. Supp. 2d 641 (E.D. Mich. 1999)

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)

*Black v. Snow,* 272 F. Supp. 2d 21 (D.D.C. 2003)

*Braun v. Ann Arbor Charter Twp.,* 262 Mich. App. 154 (2004)

*Brawner Building, Inc. v. Shehyn,* 442 F.2d 847 (D.C.C. 1970)

*Borough of Milton v. Densberger,* 719 A.2d 829 (Pa. Commw. 1998)

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)

*Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837 (1984)

*Cucchiara v. Secretary of Treasury,* 652 F.2d 28 (9th Cir. 1981)

*Fattahi v. ATF,* 186 F. Supp. 2d 656 (E.D. Va. 2002)

*FERC v. Mississippi,* 456 U.S. 742 (1982)

*Hess v. Port Authority Trans-Hudson Corp.,* 513 U.S. 30 (1994)

*John E. Yenson d/b/a John's Guns v. United States Department of the Treasury,* Civil No. 98-CV-70262 (E.D. Mich. Jan. 26, 1999)

*Michael H. v. Gerald D.,* 491 U.S. 110 (1988)

*Nectow v. City of Cambridge,* 277 U.S. 183 (1928)

*Paragon Properties Co. v. Novi,* 452 Mich. 568, 576-77 (1996)

*Perri v. Department of Treasury,* 637 F.2d 1332 (9th Cir. 1981)

*People v. Llewellyn*, 401 Mich. 314 (1977)

*Peter Garrett Gunsmith, Inc. v. City of Dayton,* 98 S.W.3d 517 (Ky. Ct. App. 2003)

*San Diego Co. Gun Rights Comm. v. Reno*, 98 F.3d 1121 (9th Cir. 1996)

*Smith v. Botsford General Hospital,* 419 F.3d 513 (6th Cir. 2005)

*Stein's, Inc. v. Blumenthal,* 649 F.2d 463 (7th Cir. 1980)

*Talbot v. Pyke,* 533 F.2d 331 (6th Cir. 1976)

*Thompson v. Ashe,* 250 F.3d 399 (6th Cir. 2001)

*United States v. Beuckelaere,* 91 F.3d 781 (6th Cir. 1996)

*United States v. Day,* 476 F.2d 562 (6th Cir. 1973)

*Village of Belle Terre v. Boraas,* 416 U.S. 1 (1974)

*Warren v. City of Athens,* 411 F.3d 697 (6th Cir. 2005)

*Warth v. Seldin,* 422 U.S. 490 (1975)

*Weinberger v. Salfi,* 422 U.S. 749 (1975)

*Willingham Sport, Inc.,* 348 F. Supp. 2d, 1299 (S.D. Ala. 2004)

*Wilson Air Ctr, LLC v. Federal Aviation Administration,* 372 F.3d 807 (6th Cir. 2004)

**Statutes**

18 U.S.C. § 923(d)(1)(F)

18 U.S.C. § 923(f)(2)

18 U.S.C. § 923(f)(3)

MCL § 125.585

**Other Authorities**

27 C.F.R. § 478.47

27 C.F.R. § 478.49

27 C.F.R. §§ 478.71-72

Fed. R. Civ. P. 56(c)

Redford Township Zoning Ordinance

# I.  INTRODUCTION

This is a suit for *de novo* review of the denial by defendant Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) of plaintiff Kerry Morgan's application for renewal of his federal firearms license (FFL).  The license was denied on the basis that dealing in firearms from petitionerplaintiff's premises would be in violation of Redford Township (Township) zoning laws, as interpreted by Township officials where plaintiff's business premises is located.  Plaintiff contends that local zoning laws do not preclude operation of a firearm business in his home, that enforcement of local zoning laws to preclude such business is preempted by state statute MCL § 123.1101 *et seq.*, that defendant's acceptance of the township officials' interpretation of the township zoning ordinances without independent review of those ordinances denies him due process of law, and that 18 U.S.C. § 923(d)(1)(F) is, for a variety of reasons, unconstitutional.

There is no genuine issue of material fact regarding whether plaintiff's application properly was denied.  There is no question that Redford Township officials concluded that plaintiff's business premises is not in compliance with the Township's zoning ordinance, and that ATF relied on that determination in denying plaintiff's application for renewal of his FFL for failure to satisfy the requirement under § 923(d)(1)(F).  Because plaintiff cannot satisfy all of the requirements for licensure under 18 U.S.C. § 923(d)(1), and none of his challenges to the process he was accorded or the controlling statute or regulations has merit, the denial of his renewal application was authorized.  Therefore, defendant is entitled to judgment as a matter of law.

## II.  STATEMENT OF FACTS

Plaintiff Kerry Morgan was issued Federal Firearms License in 1993 for his business premises at 20601 Sumner Avenue, Redford Township, Michigan, a single-family home in an area

classified by Redford Township as "residential," where plaintiff lives with his wife and children. *See* A. R. at 45-46, 101, 345.[1]

Beginning in 1994, revised application forms for new or renewed FFLs[2] required certification by the applicant of compliance with state and local laws. *See* A.R. at 56. Plaintiff signed and dated on October 14, 1994, the Certificate of Compliance with State and Local Law, certifying that no state or local provision prohibited his business. *Id.*

Plaintiff was notified by ATF employees in person and/or in writing in 1994, 1995, 1997, and 2002, that operation of his firearms business at the Sumner Avenue location was in violation of local zoning provisions, as interpreted by local officials. *See* A.R. at 60-61, 94-95, 97-98, 103. In fact, as early as 1995, plaintiff acknowledged the Township's position that he was not in compliance with the zoning ordinance. A.R. at 103. Despite ATF's awareness of the zoning violations, it renewed plaintiff's license three times for the Sumner Avenue location, in 1994, 1997, and 2000. *See* A.R. at 187-188.

When plaintiff applied for renewal of his federal firearms license on June 26, 2003, the ATF inspector assigned to investigate the renewal inspection learned, as had inspectors before her, that according to Redford Township officials, plaintiff was in violation of established zoning provisions and had not obtained, or apparently even applied for, a waiver or variance permitting him to legally

---

[1] The administrative record (A.R.) in this matter was filed with this Court on May 3, 2006, and is incorporated into this brief by reference.

[2] FFLs must be renewed every three years. 27 C.F.R. § 478.49; A.R. at 133, 181. The revisions to the application forms were made to comply with provisions of the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. 103-322, 108 Stat. 1796, which added, among other things, the requirement that federal firearm licensees must have business premises that comply with state and local law. *See* 18 U.S.C. § 923(d)(1)(F)(i) & (ii); *San Diego Co. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1124 (9th Cir. 1996).

operate his business.  *See* A.R. at 74, 82-83, 93, 96-98, 160, 170, 177-180, 194-195, 204-205, 319, 356-357.  After counsel for the Township provided written confirmation that plaintiff was in violation of applicable zoning ordinances, and that the Township would maintain this position in the event that plaintiff asked for a hearing, the ATF inspector recommended denial of the renewal application.  A.R. at 99-102; 204-207.  ATF issued plaintiff notice via certified mail on November 24, 2003 (A.R. at 10-11), that his renewal application was being denied for the following reasons:

> Our investigation reveals that dealing in Firearms from your premises would be in violation of local zoning laws.  Thus, the business to be conducted under the license would not comply with state and local law.  Accordingly, issuance of a Federal firearms license to you would be in violation of 18 U.S.C. § 923(d)(1)(F)(i) and 27 C.F.R. § 478.47(b)(6).

A.R. at 11.

On December 1, 2003, plaintiff timely requested a hearing to review the denial pursuant to 18 U.S.C. § 923(f)(2).  A.R. at 15.  Plaintiff also requested that ATF consent to forego the review hearing, as he wished to pursue the matter in the district court via the action he filed against ATF in the United States District Court for the Eastern District of Michigan.[3]  A.R. at 15-16.  ATF responded to plaintiff on December 23, 2003, acknowledging the request for hearing and explaining that 18 U.S.C. § 923(f)(2) contains no provision permitting the agency to waive a review hearing.  A.R. at 18-19.

---

[3] Mr. Morgan commenced a mandamus action in the district court after ATF failed to act on his renewal application within the statutory sixty-day period.  After Morgan filed the complaint, ATF issued its decision denying the application.  The Court granted the government's motion to dismiss on the basis that the mandamus action was rendered moot by ATF's action on the application.  *See Morgan v. United States Dep't of Justice,* No. 03-74035 (E.D. Mich. June 23, 2004); Pet., ¶¶ 8-12.  On appeal by Morgan, the Sixth Circuit affirmed the district court.  *See Morgan v. United States Dep't of Justice,* No. 04-1933 (6th Cir. Dec. 2, 2005).  Morgan has filed a Petition for Writ of Certiorari with the U.S. Supreme Court.

3

The agency hearing was conducted on October 27, 2004. The government presented, among other evidence, testimony by Redford Township Supervisor Leo Snage and Redford Township's Land Use Consultant, Nicholas Lomako, regarding the basis for the Township's decision that the operation of a firearms sales business at plaintiff's residence would not be in compliance with the local zoning ordinance. *See* A.R. at 345-358, 391-404. Plaintiff, a licensed Michigan attorney who represented himself, cross-examined all of ATF's witnesses, but presented no witnesses himself. Plaintiff also submitted a brief and various exhibits at the conclusion of the hearing. A.R. at 468-513.

In his report of the hearing, the hearing officer recommended denial of the renewal application. A.R. at 106-110. The officer found that operation of plaintiff's firearms business from his residence would be in violation of local zoning laws, as interpreted by local officials, and that under such circumstances, ATF was not under any obligation to renew plaintiff's FFL. A.R. at 109-110. In fact, the hearing officer found, "[a]pproval of [the] application would conflict with Federal law as detailed on ATF Form 4498, Notice of Denial of Application for License." A.R. at 110. Subsequently, a Final Notice of denial of the application for renewal was issued by ATF Director, Industry Operations (DIO). A.R. at 113-118.

Plaintiff timely filed the instant petition for judicial review on August 31, 2005.

4

## IV.  ARGUMENT

DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT
BECAUSE DENIAL OF PLAINTIFF'S APPLICATION FOR
RENEWAL OF HIS FEDERAL FIREARMS LICENSE FOR LACK
OF COMPLIANCE WITH LOCAL ZONING WAS AUTHORIZED
AS A MATTER OF LAW.

### A.      Summary Judgment Standard

Summary judgment is mandated where the pleadings and evidence on file show there is no

genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).  Summary judgment is appropriate against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case on which it will bear

the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A genuine issue

does not arise unless the evidence and all reasonable inferences drawn therefrom, viewed in the light

most favorable to the non-moving party, would allow a reasonable jury to return a verdict for that

party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

### B.      Judicial Review Under the Gun Control Act

Pursuant to 18 U.S.C. § 923(f)(2), if an FFL renewal application is denied, the applicant may

request a hearing to review the denial.  If after such hearing the decision to deny is not reversed, the

applicant may seek *de novo* review in United States district court.  8 U.S.C. § 923(f)(3).  Under §

923(f)(3), the court determines only whether the Secretary's decision is authorized.  *See Stein's, Inc.*

*v. Blumenthal,* 649 F.2d 463, 464 n. 2 (7th Cir. 1980); 8 U.S.C. § 923(f)(3)("If the court decides that

the Attorney General was not authorized to deny the application . . . the court shall order the

Attorney General to take such action as may be necessary to comply with the judgment of the

court.").

While a " *de novo* review" by the district court is authorized under 18 U.S.C. § 923(f)(3), a *de novo* <u>hearing</u> is not required if the material facts are not in controversy.  *Cucchiara v. Secretary of Treasury,* 652 F.2d 28, 31 (9th Cir. 1981); *Stein's,* 649 F.2d at 466; *Willingham Sport, Inc.,* 348 F.Supp. 2d, 1299, 1306 (S.D. Ala. 2004).  In *Stein's*, the court explained that

> there is a difference between the "*de novo* review" required by 18 U.S.C. § 923(f)(3) and a "trial *de novo*" . . . We hold that while [§ 923(f)(3)] requires the former, it does not in every case require the latter.  Considerations of judicial economy suggest that trial anew of factual matters already litigated should be avoided unless substantial doubt infects the agency's findings of fact.

*Stein's,* 649 F.2d at 466.  Accordingly, when a plaintiff seeking review under § 923(f)(3) fails to establish genuine issues of material fact, the court need not hold an evidentiary hearing before deciding a summary judgment motion.  *Perri v. Department of Treasury,* 637 F.2d 1332, 1335 (9th Cir. 1981); *Stein's,* 649 F.2d at 466; *Willingham Sports, Inc.,* 348 F. Supp. 2d at 1307.

Plaintiff in this case does not contest that Redford Township concluded that his business premises is not in compliance with the Township's zoning ordinance, and that ATF relied on that determination in denying plaintiff's application for renewal of his FFL.  Thus, the only issue before the Court is whether ATF's denial of plaintiff's renewal application for failure to establish business premises that complies with local law, as interpreted by local officials, was authorized under § 923(f)(3).[4]  Because no genuine issue of material fact exists relative to this issue, summary judgment

---

[4]  As plaintiff alleges at ¶ 36 of the petition, defendant's July 21, 2005, Final Notice denying plaintiff's 2003 application for renewal of his federal firearms license includes a statement that plaintiff willfully violated the Gun Control Act.  Whether plaintiff willfully violated, *i.e.,* with plain indifference to or in purposeful disregard of, the Gun Control Act, as contemplated under 18 U.S.C. § 923(d)(1)(C) or (D), was not addressed during the administrative proceedings that resulted in denial of plaintiff's 2003 renewal application.  Accordingly, plaintiff's application to renew his FFL was not denied on the basis that he willfully committed violations of the Gun Control Act as contemplated under 18 U.S.C. § 923(d)(1)(C) or (D), nor does ATF allege that plaintiff willfully violated, *i.e.,* with plain

6

is appropriate.

### C.    Denial Of Plaintiff's Renewal Application Is Authorized Under 18 U.S.C. § 923(d)(1).

Under Count I, plaintiff seeks a declaratory judgment that defendant was not authorized to deny his renewal application because the Redford Township zoning ordinance does not prohibit the operation of a firearms business from his home, and/or because the Township zoning ordinance is preempted by MCL § 123.1101, *et seq.* Because the denial was proper as a matter of law, defendant is entitled to summary judgment.

ATF, as the designee of the Attorney General, is responsible for issuing federal firearms licenses to qualified applicants, and denying such licenses to unqualified applicants. 18 U.S.C. § 923. Section 923 sets forth the requirements, all of which must be met, to obtain an FFL, including the requirement that an applicant must certify "that the business to be conducted under the license is not prohibited by State or *local law* in the place where the licenses premises is located." 18 U.S.C. § 923(d)(1)(F)(i)(emphasis added); *see also* 27 C.F.R. § 478.47(b)(6).

Plaintiff's business premises is located in an area of Redford Township zoned "R-1, One Family Residential District." A.R. at 101, 345. Section 4.01 of the Redford Township zoning ordinance sets forth the "Principal Uses Permitted" in an R-1 district, including "accessory buildings or uses." A.R. at 69. Section 1.02 of the zoning ordinance defines accessory use as "a use which is clearly incidental to, customarily found in connection with, and . . . located in the same zoning

---

indifference to or in purposeful disregard of, the Gun Control Act in any respect. Defendant unequivocally acknowledges that plaintiff's application to renew his FFL was denied *solely* on the basis that he failed to satisfy the requirement under § 923(d)(1)(F) that his business premises be in compliance with state and local law. The parties attempted to reach agreement regarding the basis for the denial via stipulation, but to date have been unable to do so. Defendant is in the process of drafting a formal clarification of the basis of the denial.

lot as, the principal use to which it is related." A.R. at 72. Examples of accessory uses include a "home occupation" that is carried out by not more than one member residing in the residence and that requires no structural change or alteration that would diminish the residential character of the residence. A.R. at 70.

Plaintiff contends that his firearms business is an accessory use (home occupation) and that it therefore does not violate Redford Township's zoning ordinance. Pet., ¶ 42. However, the Township concluded to the contrary. In his letters dated September 23, 2003, and October 15, 2003, Redford Township counsel Owen Cummings explained that the retail sale of firearms is not clearly incidental to, or customarily found in connection with, the use of a residential dwelling, and therefore is not a proper accessory use under the Redford Township zoning ordinance. A.R. at 99-102. Moreover, the sale of goods from a home is not a "home occupation" as contemplated by the zoning ordinance, as "home occupations" have historically been those of "seamstress, laundress, piano teacher, dentistry, and other single-practitioner-type professional persons." A.R. at 99.

Redford Township Supervisor Leo Snage testified at the October 27, 2004 administrative hearing that he arrived at his decision regarding the operation of plaintiff's business in an R-1 residential zone after reviewing the site at issue and the zoning ordinance, and consulting with township attorney Owen Cummings and township planning consultant Nicholas Lomako. A.R. at 354, 357. Given the Township's decision regarding its own zoning ordinance, plaintiff cannot properly certify "that the business to be conducted under the license is not prohibited by State or local law in the place where the licenses premises is located." 18 U.S.C. § 923(d)(1)(F)(i).

As will be discussed further below, the Township's interpretation of its own zoning ordinance in this case is reasonable and is entitled to deference. Moreover, plaintiff has not

challenged the township's interpretation as provided for by Michigan statute.[5]  In the absence of any decision by the zoning board of appeals or state court that the Township's interpretation of its own ordinance is incorrect, ATF's acceptance of the Township's decision with regard to plaintiff's business premises is proper, and therefore its denial of plaintiff's FFL renewal application was authorized under § 923.

**D.     Michigan Law Does Not Preclude Enforcement of Local Zoning Ordinances.**

Plaintiff also contends that Redford Township's interpretation of its zoning ordinance in this matter is in violation of MCL § 123.1101 *et seq.,* because it regulates a firearms business.  *See* Pet., ¶¶ 43-45.  Specifically, plaintiff relies on § 123.1102, which provides as follows:

> A local unit of government shall not . . . enact or enforce any ordinance or regulation pertaining to, or regulate in any other manner the ownership, registration, purchase, sale, transfer, transportation, or possession of pistols of other firearms, ammunition for pistols or other firearms, or components of pistols or other firearms, except as otherwise provided by federal law or a law of this state.

Plaintiff's § 123.1102 argument has previously been rejected by another court in the Eastern District of Michigan.  In *John E. Yenson d/b/a John's Guns v. United States Department of the Treasury,* Civil No. 98-CV-70262 (E.D. Mich. Jan. 26, 1999), attached as Exh A, the court held that a St. Clair Shores, Michigan, zoning ordinance, which prohibited the plaintiff's firearms business at his private residence, was *not* preempted by § 123.1102.  Relying in large part on the analysis set forth in *People v. Llewellyn*, 401 Mich. 314 (1977), and cases discussed therein, the *Yenson* court

---

[5]  MCL § 125.585(3) provides that "[t]he board of appeals shall hear and decide appeals from and review any order, requirements, decision, or determination made by an administrative official or body charged with the enforcement of an ordinance adopted under this act."  The decision of the zoning board of appeals is a final order that may be appealed to the circuit court. MCL § 125.585(11).

concluded as follows:

> In the present case, it is quite clear that the zoning ordinance is not preempted . . . . [T]he ordinance simply limits, in a generally applicable manner, the types of uses which are permitted in residential areas.  The incidental effect of this ordinance is to prevent plaintiff's business . . . from operating within R-A zones. . . The St. Clair Shores ordinance is not directed at firearms, but instead applies generally in prohibiting most commercial activity within residential zones. . . .  While the zoning ordinance in this case may have an indirect effect upon plaintiff's business, the same could be said of the local building codes or local property tax assessments.  If plaintiff's preemption argument were carried out to its logical conclusion, any ordinance with any effect on a firearms business would be preempted as well.  The court cannot imagine that the Michigan legislature intended such an absurd result.

*Yenson,* No. 98-CV-70262 at 8-9 (Exh A); *see also Peter Garrett Gunsmith, Inc. v. City of Dayton,* 98 S.W.3d 517 (Ky. Ct. App. 2003)(holding that a zoning ordinance did not regulate firearms as prohibited by a Kentucky statute [similar to § 123.1102], but regulated land use generally, a field of regulation that cities are authorized to control).

Plaintiff's reliance on *Michigan Coalition for Responsible Gun Owners, et al. v. City of Ferndale,* 256 Mich. App. 401 (2003), (Pet., ¶ 30), for the proposition that the Redford Township zoning ordinance relied upon in this matter is pre-empted by MCL § 123.1101, *et seq.*, is misplaced. In *Michigan Coalition,* the Michigan Court of Appeals found that the City of Ferndale was precluded by MCL § 123.1102 from enacting and enforcing an ordinance that made local public buildings gun-free zones.  *Michigan Coalition,* 256 Mich. App. at 402.  The court found that the Ferndale ordinance specifically prohibited the possession or concealment of a weapon in public buildings.  *Id.* at 412.  The court noted that "[s]ection 1102 provides that a local unit of government shall not enact an ordinance pertaining to the transportation or possession of firearms, but the city of Ferndale does just that."  *Id.* at 414.

Unlike the ordinance addressed in *Michigan Coalition,* the zoning ordinance at issue in the instant case does not attempt to regulate in any way "the ownership, registration, purchase, sale, transfer, transportation, or possession of pistols or other firearms . . . ."  MCL § 123.1102.  Rather, like the St. Clair Shores ordinance at issue in *Yenson,* Redford Township's zoning ordinance limits "in a generally applicable manner, the type of uses which are permitted in residential areas." (CITE).  It is not directed at firearms businesses and thus is not preempted by M.C.L. § 123.1102.

### E.   Plaintiff Has Been Accorded All Procedural Due Process To Which He is Entitled.

Count II of the petition appears to allege a variety of due process violations.  With regard to procedural due process, plaintiff alleges that he was denied due process of law because ATF failed to make an independent and sufficient "inquiry or investigation" into petitioner's firearms renewal application, as required under 27 C.F.R. § 478.47, and because ATF accepted local officials' interpretation of their zoning ordinance.  Pet., ¶¶ 49, 52-53.

Procedural due process requires that a person be provided with notice and an opportunity to be heard before depriving that person of a property or liberty interest.  *See e.g., Warren v. City of Athens,* 411 F.3d 697, 708 (6th Cir. 2005); *Thompson v. Ashe,* 250 F.3d 399, 407 (6th Cir. 2001).  ATF regulations provide for notice of denial of FFL applications, including the basis for the denial, and for a hearing on the matter.  27 C.F.R. §§ 478.71-72.  Of course, the statute also provides for judicial review of the final administrative decision.  18 U.S.C. § 923(f)(3).  Plaintiff does not appear to allege that the procedures set forth in the regulations and statute are insufficient to meet due process requirements, or that he was precluded from availing himself of the procedures.  Indeed, there is no question that plaintiff has fully availed himself of the procedural safeguards available to him.  Plaintiff contends, nonetheless, that he was denied procedural due process because ATF's

"inquiry or investigation," into his firearm renewal application, as required by 27 C.F.R. § 478.47(b)(5) & (6), was deficient, and because ATF solicited and accepted local authorities' interpretation of their own zoning ordinances.  Plaintiff's claims are without merit.

Upon submission of an application for a federal firearms license, ATF has the responsibility to assess the applicant's qualifications "through further inquiry or investigation, or otherwise."  27 C.F.R. § 478.47(a).  "The regulations thus create a duty for ATF to ensure the truthfulness of statements made on the application."  *Fattahi v. ATF,* 186 F.Supp.2d 656, 661 (E.D. Va. 2002), *aff'd* 328 F.3d 176 (4th Cir. 2003).

Plaintiff in this case certified that the business to be conducted was "not prohibited by State or local law in the place where the licenses premises is located."  18 U.S.C. § 923(d)(1)(F)(i).  The record shows that ATF inquired into the correctness of this representation and concluded otherwise.  A.R. 10-11, 60-61, 74, 82-83, 93, 96-98, 112-118, 160, 170, 177-180, 194-195, 204-205, 319, 356-357.  ATF personnel interviewed plaintiff, reviewed the local ordinances, and consulted with local officials regarding the ordinances.  *Id.*  This inquiry plainly was calculated to resolve the question whether the business to be conducted complied with local law, and it therefore met both the requirements of due process and ATF's obligations under 27 C.F.R. § 478.47.  *Cf. Wilson Air Ctr, LLC v. Federal Aviation Administration,* 372 F.3d 807, 815-16 (6th Cir. 2004)(finding no due process violation for failure to investigate further where the "regulations provide the [Federal Aviation] Administration with considerable discretion in choosing how best to fulfill its investigatory duties . . . it is clear that the Administration has the discretion to determine its own need for further investigation and what that investigation should entail.").  Plaintiff certainly does not have a protected interest in an investigation that meets his approval.  *Id.*; *see also Albery v. Reddig*, 718 F.2d 245, 250 (7th Cir. 1983) ("We know of no constitutional basis for requiring that

12

the [Zoning] Board undertake some *particular* research in connection with a hearing." (emphasis added)).

Plaintiff's claim that he did not receive the procedural due process to which he is entitled because AFT accepted local officials' interpretation of local law, effectively giving local officials a "veto" over his application, (Pet., ¶¶ 51-55), likewise is without merit.  Land use is an area traditionally regulated by the states and their localities.  *See Warth v. Seldin,* 422 U.S. 490, 508, n.18 (1975) ("zoning laws and their provisions . . . are peculiarly within the province of state and local legislative authorities"); *Hess v. Port Authority Trans-Hudson Corp.,* 513 U.S. 30 (1994) ("[R]egulation of land use [is] a function traditionally performed by local governments"); *FERC v. Mississippi,* 456 U.S. 742, 768, n. 30 (1982) ("[R]egulation of land use is perhaps the quintessential state activity"); *Village of Belle Terre v. Boraas,* 416 U.S. 1, 13 (1974)(Marshall, J., dissenting) ("I am in full agreement with the majority that zoning . . . may indeed be the most essential function performed by local government").  Accordingly, ATF's acceptance of a locality's interpretation of its own zoning ordinance, in the absence of any contrary decision by a zoning board of appeals or state court, is reasonable and does not give local officials "veto" power over an application for an FFL.

As noted above, Michigan statute provides for an appeal of any zoning decision to the zoning board of appeals (ZBA).  MCL § 125.585(3)-(9).  The ZBA decision is final, and may be appealed to the state circuit court.  MCL § 125.585(11).  The circuit court reviews the record and decision of the ZBA to ensure that the decision; (a) complies with the constitution and laws of the state; (2) is based upon proper procedure; (c) is supported by competent, material, and substantial evidence on the record; and (d) represents the reasonable exercise of discretion granted by law to the board of appeals.  *Id.*

13

The record indicates that plaintiff did not avail himself of the statutory appeals process. A.R. at 356. Instead, he insists that ATF itself must determine the correct application of the locality's zoning ordinance, thereby avoiding the state statutory scheme. However, plaintiff points to no authority granting ATF the power to overrule local official's interpretation of their local zoning ordinances, and defendant knows of none. Indeed, Michigan case law holds that even before state courts may upset a local zoning determination, an aggrieved landowner must exhaust all administrative remedies and obtain a "final order" from the zoning board of appeals. *See Paragon Properties Co. v. Novi,* 452 Mich 568, 576-77 (1996); *Braun v. Ann Arbor Charter Twp.,* 262 Mich. App. 154 (2004). This exhaustion requirement recognizes the primacy of local interpretation of local ordinances. Indeed, where a complaint asked the federal court to correct alleged substantive errors by local officials in applying local ordinances in the early stage of the zoning process, the Seventh Circuit found that because the state provided adequate procedures to correct errors, there was no due process violation and affirmed the district court dismissal of the case. *Albery,* 718 F.2d at 249, n. 7. "Such an approach, which considers the adequacy and availability of remedies under state law before concluding that a deprivation of property violates due process, is particularly suited to local matters like zoning." *Id; see also Brawner Building, Inc. v. Shehyn,* 442 F.2d 847, 852 (D.C.C. 1970) ("The application of zoning regulations involves a significant zone of administrative discretion."); *Borough of Milton v. Densberger,* 719 A.2d 829, 831-32 (Pa. Commw. 1998) ("It is, of course, well settled that a zoning board's interpretation of its own zoning ordinance is entitled to great weight and deference from a reviewing court."); *cf. Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 844-45 (1984).

**F.     Plaintiff Has Not Been Denied His Right To Substantive Due Process.**

By invoking the "irrebuttable presumption" doctrine under Count II, (Pet., ¶¶ 50-51, 56), plaintiff suggests a substantive due process violation.  *See Michael H. v. Gerald D.,* 491 U.S. 110, 121 (1988) (emphasizing that the Court's "irrebuttable presumption" cases did not rest on procedural due process:  "our 'irrebuttable presumption cases' must ultimately be analyzed as calling into question not the adequacy of the procedures but–like our cases involving classifications framed in other terms–the adequacy of the 'fit' between the classification and the policy that the classification serves." (citations omitted.)).  Plaintiff's invocation of the doctrine is perplexing, in light of his acknowledgment that there is a rational basis for the statutory requirement that the business conducted under an FFL not be prohibited by State or local law in the place where the license business is located.  Pet., ¶ 56.

In any event, as explained in *Black v. Snow,* 272 F. Supp. 2d 21, 29 (D.D.C. 2003), "developments in constitutional law have significantly limited, if not altogether abrogated, the irrebuttable presumption doctrine."  Instead, the Supreme Court requires lower courts generally to assess substantive due process claims pursuant to the more deferential rational basis test,[6] under which

> irrebuttable presumptions (which, after all, are simply another way to describe legislative classifications [. . .]) are not *per se* suspect. Instead, their constitutionality turns on whether Congress has a rational basis for drawing the line that it did, that is, whether there is a logical relationship between the problem identified and the means chosen to address it.

─────────────

[6] Of course, "heightened scrutiny" applies with respect to legislative classifications that impact a fundamental right or create a suspect classification, neither of which is at issue in the instant case.  *See, e.g., Smith v. Botsford General Hospital,* 419 F.3d 513, 520 (6th Cir. 2005).

*Black,* 272 F. Supp. 2d at 30 (citation omitted), quoting *Weinberger v. Salfi,* 422 U.S. 749 (1975); *see also Michael H.,* 491 U.S. at 121; *Talbot v. Pyke,* 533 F.2d 331, 332 (6th Cir. 1976) (declining to rely on the "irrebutable presumption" cases for the reasons stated in *Weinberger,* 422 U.S. at 771-72); *cf. Kirk v. Secretary of HHS,* 667 F.2d 524, 534 (6th Cir. 1981) (if the classification in operation and effect is rationally related to legitimate governmental objectives, it is not subject to attack on due process grounds merely by labeling the rule followed an "irrebuttable presumption")*; Nectow v. City of Cambridge,* 277 U.S. 183, 187-188 (1928) (holding that a court should not interfere with local zoning decisions unless the locality's action "has no foundation in reason and is a mere arbitrary or irrational exercise of power having no substantial relation to the public health, the public morals, the public safety, or the public welfare in its proper sense.")(internal quotation marks and citation omitted).

With regard to the instant case, there can be no reasonable dispute that requiring compliance with state and local laws as a condition for issuance of an FFL is rational; indeed, plaintiff concedes as much. Pet. at ¶ 56. Accordingly, plaintiff's substantive due process claim is without merit.

To the extent that petitioner's use of the phrase "irrebuttable presumption" does not refer to substantive due process, but instead is merely a claim that ATF was overly deferential to local authorities, defendant relies on its arguments above. Any "presumption" of validity accorded the local officials' interpretation of their zoning ordinance could be "rebutted" if that interpretation were overruled by the zoning board of appeals or state court.

**G.      Neither The GCA Nor ATF's Actions In This Matter Have Imposed An "Unconstitutional Condition" On Federal Firearm Licensure.**

Under Count III, plaintiff alleges that the benefits of a federal firearms license have been "conditioned[ed]" on his surrender of "his Fifth Amendment right to have his entire application be administratively considered by the government without employing the practice of according the local unit of government complete and conclusive deference on the meaning of its own ordinances and state law without any independent review of same where raised by a plaintiff." Pet., ¶ 58.  With regard to the unconstitutional conditions doctrine, the Supreme Court

> has made it clear that even though a person has no "right" to a valuable government benefit and even though the government may deny him the benefit any number of reasons, there are some reasons upon which the government may not rely.  It may not deny a benefit to a person on a basis that infringes his constitutionally protected interests – especially his interest in freedom of speech.

*Barden Detroit Casino, LLC v. City of Detroit,* 59 F. Supp. 2d 641, 661 (E.D. Mich. 1999), *aff'd* 230 F.3d 848 (2000), quoting *Perry v. Sindermann,* 408 U.S. 593 (1972); *see also Amelkin v. McClure,* 330 F.3d 822, 827 (6th Cir. 2003) (unconstitutional conditions doctrine "holds that government may not grant a benefit on the condition that the beneficiary surrender a constitutional right, even if the government may withhold the benefit altogether.").

Plaintiff in this case  is missing an essential element of an unconstitutional condition claim: infringement of a constitutionally protected interest.  There is simply no constitutional right to have an application for a federal firearms license considered without reference to local law and the decisions of local officials regarding their own ordinances, and no right to a decision by ATF effectively overruling the local officials' decision.  Again, that local decision may be challenged pursuant to state statute.

**H.      Section 923(d)(1)(F) Is Proper Under The Commerce Clause.**

Count IV of the petition alleges that requiring certification as to conformity with state and local laws is contrary to *United States v. Lopez,* 514 U.S. 549 (1995) and thus an unconstitutional application of the Commerce Clause.  Petition at ¶¶ 61-62.  *Lopez* clearly is inapposite to the case before the Court.

*Lopez* held that former 18 U.S.C. § 922(q), which made it a crime to possess a firearm in a school zone, was not a valid exercise of Congress's Commerce Clause power.  *Lopez* concerned a "criminal statute that by its terms has nothing to do with 'commerce' or any sort of economic enterprise, however broadly one might define those terms."  *Lopez,* 514 U.S. at 560.  As the Sixth Circuit has noted, the statute at issue in *Lopez,* § 922(q), "did not regulate *the market in weapons,* and instead regulated merely the possession of a weapon in a specific geographic area."  *United States v. Beuckelaere,* 91 F.3d 781, 784 (6th Cir. 1996)(emphasis added).  In contrast, plaintiff here is challenging part of the licensing scheme for firearms dealers.  A federally licensed firearm dealer is necessarily a participant in the firearms market.  *See* 18 U.S.C. § 921(a) (defining a firearms dealer as "any person *engaged in the business of selling* firearms at wholesale or retail")(emphasis added).  The fact that the GCA's regulation of interstate commerce has a nexus with local zoning law in no way runs afoul of the Commerce Clause.[7]

---

[7]  Apart from the specific issue raised in *Lopez,* it is well-established that the federal firearms laws regulating the firearms market are within Congress's Commerce Clause authority. The Gun Control Act, among other things, "restrict[s] public access to firearms, and channel[s] commerce in firearms 'through federal licensed . . . dealers in an attempt to half mail-order and interstate consumer traffic in these weapons.'" *Beuckelaere,* 91 F.3d at 784, quoting *United States v. Marchant,* 55 F.3d 509, 513 (10th Cir. 1995); *see also United States v. Day,* 476 F.2d 562, 567 (6th Cir. 1973).

**I.      Soliciting And Accepting Local Officials' Interpretation Of Local Zoning Laws Is Not Contrary to *Printz v. United States*.**

Count IV also alleges that asking state or local officials to interpret their laws is contrary to *Printz v. United States,* 521 U.S. 898 (1997). *Printz* also is inapposite to the instant case.

*Printz,* which was decided under general contitutuional principlees of "dual sovereignty," held that "[t]he Federal Government may not compel the States to enact or administer a federal regulatory program." *Printz,* 521 U.S. at 932. This case does not present such a situation; no state or local official was asked, let alone compelled, to administer the Gun Control Act or to enact any sort of federal program, and petitioner has not alleged otherwise. Local officials simply were asked their interpretation of their own laws. This inquiry does not offend the sovereignty of any non-federal governmental entity.[8]

---

[8] In any event, plaintiff does not suggest how he possibly could have standing to raise a *Printz* challenge. The plaintiffs in *Printz* were county government officials who "object[ed] to being pressed into federal service . . . ." *Printz,* 521 U.S. at 905.

19

## **CONCLUSION**

For the foregoing reasons, defendant respectfully requests summary judgment in its favor

on all counts of the petition.

Respectfully submitted,

STEPHEN J. MURPHY
UNITED STATES ATTORNEY


s/Derri T. Thomas
Assistant U.S. Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9153
derri.thomas@usdoj.gov

Dated: May 8, 2006                                        P53439

OF COUNSEL:
Brenda K. Hutson
Acting Division Counsel
Bureau of Alcohol, Tobacco, Firearms, and Explosives

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2006,  I electronically filed the foregoing paper with the

Clerk of the Court using the ECF system which will send notification of such filing to the

following:

kmorganesq@aol.com

I further certify that I have mailed by U.S. mail the paper to the following non-ECF

participants:

None

s/DERRI T. THOMAS
Assistant United States Attorney
United States Attorney's Office
211 W. Fort St., Suite 2001
Detroit, MI 48226-3211
Phone: (313) 226-9153
E-mail: derri.thomas@usdoj.gov
P53439